UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TRAVIS HARDEN,

                    Plaintiff,                                    Hon. Janet T. Neff

v.                                                              Case No. 1:09-CV-1025

DAVID GENDERNALIK, et al.,

                    Defendants.

_____/


## REPORT AND RECOMMENDATION

        This matter is before the Court on Defendant Stephen Jozlin's Motion for Summary

Judgment.  (Dkt. #20).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that

Defendant's motion be **granted**.


## BACKGROUND

        Plaintiff initiated the present action on November 9, 2009, against eight health care

professionals alleging the following:

> On 3/18/2008 John J. Taglia made un-true statement when he and
> Westbrook recommended me to CSP.  Between 3/19/2008 and 3/21/2008
> I expla[i]ned to Gendernalik and Leslie Evans, that the psych history was
> not true, and I expla[i]ned way I was set up; Gendernalik and Evans
> made false and untrue statements in File No. 08-058-D1-HVC date of file
> 3/21/08 or 4/8/08.  On 4/08/2008 Sernthdo Kmron; Sonat Patil and
> Patriris voted yes to fo[r]ce me to take medication, when they should not

have.  On 9/23/09 Jozlin increased my medication with out cause.  As a
result of [this] action I have tardive dyskinesia.[1]

(Dkt. #1).

The Court interprets Plaintiff's complaint as asserting violations of his Eighth
Amendment right to be free from cruel and unusual punishment.  Plaintiff has properly effected service
on only three individuals, Defendants Gendernalik, Jozlin, and Westbrook.  Defendant Jozlin now
moves for summary judgment.  For the reasons discussed below, the undersigned recommends that
Defendant Jozlin's motion be granted.  The undersigned further recommends that Plaintiff's claims
against Defendants Kmron, Taglia, Patil, Evans, and Kearey be dismissed without prejudice for failure
to timely effect service.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure
materials on file, and any affidavits show that there is no genuine issue as to any material fact and that
the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A party moving for
summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient
opportunity for discovery, has no evidence to support an essential element of his or her case."  *Minadeo
v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357
(6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The fact that the evidence
may be controlled or possessed by the moving party does not change the non-moving party's burden "to
show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has

---

[1] Tardive dyskinesia is a neurological syndrome caused by the long-term use of neuroleptic drugs.  *See*
NINDS Tardive Dyskinesia Information Page, available at http://www.ninds.nih.gov/disorders/tardive/tardive.htm (last visited
on May, 5, 2010).  Tardive dyskinesia is characterized by "repetitive, involuntary, purposeless movements."  *Id.*

had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.      Eighth Amendment**

Plaintiff asserts that Defendant Jozlin increased his medication without justification, causing him to experience tardive dyskinesia. Plaintiff asserts that Defendant's conduct violated his Eighth Amendment right to be free from cruel and unusual punishment.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky,* 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which Defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. If the objective test is met, the Court must then determine whether the officials possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff must establish that Defendant "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847).

To the extent, however, that Plaintiff merely disagrees with the treatment he received, or asserts that he received negligent care, Defendant Jozlin is entitled to summary judgment. *See*

*Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995) (if prison officials responded reasonably to a substantial risk to an inmate's health or safety, they may avoid liability – even if the harm ultimately was not averted).

In support of his motion for summary judgment, Defendant Jozlin has submitted an affidavit in which he asserts the following:

(1)     At the times relevant to [Plaintiff's] Complaint, I was engaged as a physician's assistant working at the Woodland Center Correctional Facility.

(2)     When [Plaintiff] first came under my care, he was receiving the psychotropic medication Geodon at a dosage of 80mg, twice a day.

(3)     In an effort to reduce [Plaintiff's] medication level, that dosage was reduced to 60mg, twice a day.

(4)     It was reported to me by a nurse at the facility that [Plaintiff] was showing signs of decompensation from the decreased dosage.

(5)     As such, in order to provide a therapeutic level of Geodon for [Plaintiff's] condition, I ordered the dosage increased back to [Plaintiff's] original dose of 80mg, twice a day.

(Dkt. #20, Exhibit A).

Plaintiff has submitted absolutely no evidence to counter Defendant Jozlin's affidavit. The evidence submitted by Defendant Jozlin, unrefuted and unopposed by Plaintiff, establishes that Jozlin treated Plaintiff, but that Plaintiff simply disagrees with Defendant's treatment decisions. As discussed above, such simply fails to implicate the Eighth Amendment. Because Plaintiff has failed to

submit evidence demonstrating the existence of a genuine factual dispute as to this claim, the undersigned recommends that Defendant Jozlin's motion for summary judgment be granted.

## II.        Exhaustion

Defendant Jozlin also asserts that Plaintiff's claim against him must be dismissed for failure to properly exhaust administrative remedies. The Court agrees and recommends, in the alternative, that Plaintiff's claim against Defendant Jozlin be dismissed without prejudice for failure to exhaust administrative remedies.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

When assessing whether a prisoner has properly exhausted his claims as required by the PLRA, it is appropriate to seek guidance from the substantively similar exhaustion rules applicable to petitions for writ of habeas corpus. *See Woodford,* 548 U.S. at 88. In the habeas context, a petitioner is required to properly present his federal claims through one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). To "'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies." *Id.* at 848 (citation omitted). The Supreme Court has stated that in the habeas context, "the sanction for failing to exhaust properly (preclusion of federal review) is called procedural default." *Woodford,* 548 U.S. at 92. To determine whether a habeas petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir.2004), *cert. denied,* 544 U.S. 928 (2005); *accord Lancaster v. Adams,* 324 F.3d 423, 436-37 (6th Cir.2003).

Under the procedural default component of § 1997e(a), a prisoner's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with the deadlines and other applicable procedural rules and prison officials actually relied upon the procedural rule to bar review of the grievance. *See Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir.2005), *cert. denied,* 126 S.Ct. 2978 (2006); *Spruill v. Gillis,* 372 F.3d 218, 222 (3rd Cir.2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is

made by evaluating the prisoner's compliance with the prison's administrative regulations"). Moreover, just as procedural default in the federal habeas corpus context must be predicated on an adequate and independent state ground, the procedural requirements of a prison grievance system may not be imposed in a way that offends the United States Constitution or the intended purposes of § 1997e(a). *See Spruill,* 372 F.3d at 232.

Defendant asserts that Plaintiff has "filed only one grievance" during his incarceration. Defendant has submitted a copy of this particular grievance. (Dkt. #20, Exhibit C). As Defendant notes, while Plaintiff pursued this grievance through all three steps of the prison grievance process, the subject of this grievance is unrelated to Plaintiff's allegations against Defendant Jozlin. In response, Plaintiff has submitted no evidence that he has pursued through all three steps of the grievance process any grievance concerning his allegations against Defendant Jozlin. Accordingly, the undersigned recommends, in the alternative, that Plaintiff's claims against Defendant Jozlin be dismissed without prejudice for failure to properly exhaust administrative remedies.

## III.        Failure to Timely Effect Service

Plaintiff initiated this action on November 9, 2009. On December 17, 2009, the Court ordered that service be effected on Defendants. On December 28, 2009, summonses were issued for all eight defendants and delivered to the United States Marshal for service. On January 22, 2010, the summonses for Defendants Kmron, Taglia, Patil, Evans, and Kearey were returned unexecuted. Since then, Plaintiff has neither requested an extension of time to effect service on these five defendants nor requested the Court's assistance in effecting service on them.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at \*2 (6th Cir., Sep. 5, 2003) (citation omitted). Considering Plaintiff's lack of diligence, the Court recommends that Plaintiff's claims against Defendants Kmron, Taglia, Patil, Evans, and Kearey be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant Stephen Jozlin's Motion for Summary Judgment, (dkt. #20), be **granted**. The undersigned also recommends that Plaintiff's claims against Defendants Kmron, Taglia, Patil, Evans, and Kearey be dismissed without prejudice for failure to timely effect service. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  June 2, 2010                      /s/ Ellen S. Carmody_____
                                         ELLEN S. CARMODY
                                         United States Magistrate Judge