UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS HARDEN,

       Plaintiff,                                        Hon. Janet T. Neff

v.                                                      Case No. 1:09-CV-1025

DAVID GENDERNALIK, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants Gendernalik and Westbrook's Motion for Summary Judgment due to Lack of Exhaustion</u>. (Dkt. #25). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted**.

## BACKGROUND

Plaintiff initiated the present action on November 9, 2009, against eight health care professionals alleging the following:

> On 3/18/2008 John J. Taglia made un-true statement when he and Westbrook recommended me to CSP. Between 3/19/2008 and 3/21/2008 I expla[i]ned to Gendernalik and Leslie Evans, that the psych history was not true, and I expla[i]ned way I was set up; Gendernalik and Evans made false and untrue statements in File No. 08-058-D1-HVC date of file 3/21/08 or 4/8/08. On 4/08/2008 Sernthdo Kmron; Sonat Patil and Patriris voted yes to fo[r]ce me to take medication, when they should not

have. On 9/23/09 Jozlin increased my medication with out cause. As a
result of [this] action I have tardive dyskinesia.[1]

(Dkt. #1).

The Court interpreted Plaintiff's complaint as asserting violations of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff has properly effected service on only three individuals, Defendants Gendernalik, Jozlin, and Westbrook. Plaintiff's claims against Defendant Jozlin have since been dismissed, along with Plaintiff's claims against those Defendants against whom he failed to effect service. Defendants Gendernalik and Westbrook now move to dismiss Plaintiff's claims for failure to properly exhaust administrative remedies. For the reasons discussed below, the undersigned recommends that Defendants' motion be granted and Plaintiff's claims against Defendants Gendernalik and Westbrook be dismissed without prejudice for failure to exhaust administrative remedies.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence

---

[1] Tardive dyskinesia is a neurological syndrome caused by the long-term use of neuroleptic drugs. *See* NINDS Tardive Dyskinesia Information Page, available at http://www.ninds.nih.gov/disorders/tardive/tardive.htm (last visited on October 8, 2010). Tardive dyskinesia is characterized by "repetitive, involuntary, purposeless movements." *Id.*

may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter*

*v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

When assessing whether a prisoner has properly exhausted his claims as required by the PLRA, it is appropriate to seek guidance from the substantively similar exhaustion rules applicable to petitions for writ of habeas corpus. *See Woodford,* 548 U.S. at 88. In the habeas context, a petitioner is required to properly present his federal claims through one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). To "'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies." *Id.* at 848 (citation omitted). The Supreme Court has stated that in the habeas context, "the sanction for failing to exhaust properly (preclusion of federal review) is called procedural default." *Woodford,* 548 U.S. at 92. To determine whether a habeas petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state

court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir.2004), *cert. denied,* 544 U.S. 928 (2005); *accord Lancaster v. Adams,* 324 F.3d 423, 436-37 (6th Cir.2003).

Under the procedural default component of § 1997e(a), a prisoner's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with the deadlines and other applicable procedural rules and prison officials actually relied upon the procedural rule to bar review of the grievance. *See Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir.2005), *cert. denied,* 126 S.Ct. 2978 (2006); *Spruill v. Gillis,* 372 F.3d 218, 222 (3rd Cir.2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations"). Moreover, just as procedural default in the federal habeas corpus context must be predicated on an adequate and independent state ground, the procedural requirements of a prison grievance system may not be imposed in a way that offends the United States Constitution or the intended purposes of § 1997e(a). *See Spruill,* 372 F.3d at 232.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. This policy provides that before submitting a written grievance, the inmate is required to "attempt to resolve the issue" with the staff member involved within two business days after becoming aware of a grievable issue. The policy further provides that if resolution is not obtained, the inmate must file a written grievance within five business days.

Defendants have submitted evidence that from "2008 to present," Plaintiff "has not filed any grievances through to Step III." (Dkt. #26, Exhibit 1). Plaintiff asserts that he submitted a Step I grievance (presumably regarding the matters presently at issue), but neither asserts nor presents evidence that he pursued this (or any other grievance) through Step III of the grievance process. Plaintiff also asserts that he submitted a grievance "about being over medicated" that was allegedly rejected for asserting a non-grievable issue. Plaintiff presents no evidence (e.g., affidavit or copy of the grievance) to substantiate this assertion. Even assuming this assertion is true, however, the result is the same as the claims in Plaintiff's complaint do not concern an allegation that he was over-medicated. In sum, Plaintiff has presented no evidence to counter Defendants' evidence that Plaintiff has failed to properly exhaust the claims in his complaint. Accordingly, the undersigned recommends that Defendants' motion be **granted** and Plaintiff's claims against Defendants Gendernalik and Westbrook be dismissed without prejudice for failure to properly exhaust administrative remedies.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendants Gendernalik and Westbrook's Motion for Summary Judgment due to Lack of Exhaustion</u>, (dkt. #25), be **granted** and Plaintiff's claims against Defendants Gendernalik and Westbrook be **dismissed without prejudice**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 21, 2010
 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge